THE STATE v. CALVIN BRANCH, Appellant.

Division Two, November 14, 1911.

1. INSTRUCTIONS: Accessory Before the Fact: "Said Felony." Defendant was convicted of being an accessory before the fact to the crime of false registration alleged to have been committed by Percy Everson.  An instruction is not erroneous which set out every fact necessary to be found by the jury in order to constitute false registration by Everson, and told the jury that if they should find those facts then Everson was guilty of a felony, and that if they further found that defendant procured, etc., "said Percy Everson to do or commit the said felony aforesaid," they would find defendant guilty.  Such instruction did not assume any controverted facts.  It did not, by the use of the words "said felony," assume that Everson was guilty of the felony of false registration.

2. ———: ———: Guilt or Innocence of Persons Other Than Defendant: Evidence. An instruction set out in the opinion is held to be proper under the evidence in this case.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. H. Shields*, Judge.

AFFIRMED.

*Elliott W. Major*, Attorney-General, and *John M. Dawson*, Assistant Attorney-General, for the State.

ROY, C.—In July, 1909, the defendant was separately tried in the St. Louis City Circuit Court on an indictment charging him and James Robinson and Milton Holland with being accessories before the fact to the crime of false registration alleged to have been committed by Percy Everson.

It was charged that Percy Everson registered on February 18, 1909, in the 6th precinct of the third ward under a name not his own, to-wit, Brown Smith, and that the other defendants were accessories before the fact.

Defendant was convicted and sentenced to two and a half years in the penitentiary, and has appealed.

On February 18, 1909, there was being held in St. Louis a general registration of voters.   The evidence tends to show that a crowd of about twenty-one persons, mostly, if not all, negroes, gathered on the morning of that day at Sixteenth and Morgan streets, ate wienerwursts and drank whiskey, and then proceeded to register in as many precincts, and under as many names as possible, changing clothes between times, and using many other precautions to avoid detection. Everson was so persistent that though only seventeen years old and a resident of another precinct, he registered twice in the sixth precinct of the third ward, once in his own name, and once in the name of Brown Smith.

The evidence tends to show that defendant and James Robinson led the way to a saloon where the defendant treated the crowd and told them they were to do some registering and that if they got into trouble not to be uneasy, as they would be gotten out on bonds and nothing would be done to them.

About six of the "gang," some of whom were involved in the prosecutions for false registration, testified

for the State. The defendant admitted being with the crowd above mentioned at times during the day, but denied being present or aiding in any way in the commission of the offense by Percy Everson.

The evidence showed the commission of various offenses by the "gang" against the registration laws, and also showed that some members of the "gang" who testified against the defendant had been charged with perjury in connection with the prosecutions, and some of them convicted.

Instruction numbered 3 is necessarily very long, and for that reason is not set out at length. In substance it set out each and every fact necessary to be found by the jury in order to constitute false registration by Percy Everson, and told the jury that if they should find those facts then Everson was guilty of a felony, and that if they further found that defendant "did unlawfully, intentionally and fraudulently procure, aid, counsel, solicit or advise said Percy Everson to do or commit the said felony aforesaid," they would find defendant guilty.

Instruction numbered 7 was as follows:

"The jury are instructed that in making up your verdict it is your duty to consider exclusively the question of the guilt or innocence of this defendant under the evidence and the law as declared in these instructions, without regard to the question of the probable guilt or innocence of any other person of any crime, except that you are required to consider the probability of the guilt of any witness testifying herein, as disclosed in evidence, of criminal connection with the offense charged, or his guilt of any other criminal offense, as tending to affect the credibility of such witness and the weight to be given to his testimony."

I. Instruction numbered 3 did not assume any controvered facts, and did not, by the use of the words "said felony," assume that Percy Everson was guilty

of the felony of false registration. This point being fully covered by the opinion in the Robinson case, 236 Mo. 712.

II. Instruction numbered 7 was undoubtedly given for the benefit of the defendant. About a half dozen of the "gang" with which he is charged with being associated, appeared on the stand against the defendant.

Several offenses by the "gang" were in evidence. It was also in evidence that several of the "gang" who were state witnesses had been charged with the crime of perjury in connection. with those election frauds. The court evidently intended to be understood as telling the jury that they should confine themselves to the consideration of the offense charged in . the indictment and not undertake to determine the merits of the other offenses in evidence, only so far as they might affect the credibility of the witnesses.

If there had been no evidence of any other offense than that charged in the indictment, of course instruction numbered 7 would have been error. But, reading instructions numbered 3 and 7 together, and by their very terms they depend on each other for explanation, the jury clearly understood that they must find the guilt of Everson as a condition precedent to the guilt of the defendant.

No brief has been filed by the defendant and we have gone through the record and find no reversible error, and the judgment is therefore affirmed. *Blair, C.,* having been of counsel, not sitting.

PER CURIAM.—The foregoing opinion of Roy, C., is hereby adopted as the opinion of the court.